IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| STACY C., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. CBD-20-2833 |
| | ) |
| KILOLO KIJAKAZI[1], | ) |
| | ) |
|     Commissioner, | ) |
|     Social Security Administration, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION

Stacy C. ("Plaintiff") brought this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"). The Administrative Law Judge ("ALJ") denied Plaintiff's claim for Supplemental Security Income Benefits ("SSI") under Title XVI of the Social Security Act ("SSA"). Before the Court are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion"), ECF No. 13, Plaintiff's Alternative Motion for Remand ("Plaintiff's Alternative Motion"), ECF No. 13, and Defendant's Motion for Summary Judgment ("Defendant's Motion"), ECF No. 16. The Court has reviewed the motions, related memoranda, and the applicable law. No hearing is deemed necessary. *See* Loc. R. 105.6 (D. Md.). For the reasons presented below, the Court hereby **DENIES** Plaintiff's Motion, **DENIES** Defendant's Motion, **GRANTS** Plaintiff's Alternative Motion, and **REMANDS** the

---

[1] When this proceeding began, Andrew Saul was the Acting Commissioner of the Social Security Administration. On July 9, 2021, Kilolo Kijakazi was sworn in as Commissioner and is therefore, automatically substituted as a party. *See* Fed. R. Civ. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

1

ALJ's decision pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.  A separate order will issue.

I. **Procedural Background**

On February 27, 2018, Plaintiff filed for SSI under Title XVI of the SSA, alleging disability beginning January 1, 2018.  R. 21.  Plaintiff alleged disability due to dysfunctional cognitive intellectual ability, deficit in mental capability, deficit in memory retention (short and long), lumbar spinal scoliosis, speech impediment, deficit attention span, depression, and learning disorder.  R. 66–67, 81.  Plaintiff's claim was initially denied on July 26, 2018, and upon reconsideration on January 15, 2019.  R. 21.  An administrative hearing was held on October 23, 2019.  R. 21.  On November 13, 2019, the ALJ denied Plaintiff's claim for SSI.  R. 30.  Plaintiff sought review by the Appeals Council, which concluded on July 22, 2020, that there was no basis for granting the request for review.  R. 9.  Plaintiff subsequently filed an appeal with this Court. ECF No. 1.

II. **Standard of Review**

On appeal, the Court has the power to affirm, modify, or reverse the decision of the ALJ "with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g) (2019).  The Court must affirm the ALJ's decision if it is supported by substantial evidence and the ALJ applied the correct law.  *Id.* ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."); *see also Russell v. Comm'r of Soc. Sec.*, 440 F. App'x 163-64 (4th Cir. 2011) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).  "In other words, if the ALJ has done his or her job correctly and supported the decision reached with substantial evidence, this Court cannot overturn the decision, even if it would have reached a contrary result on the same evidence."  *Schoofield v.*

*Barnhart*, 220 F. Supp. 2d 512, 515 (D. Md. 2002).  Substantial evidence is "more than a mere scintilla." *Russell*, 440 F. App'x at 164.  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks omitted) ("It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence.").

The Court does not review the evidence presented *de novo*, nor does the Court "determine the weight of the evidence" or "substitute its judgment for that of the Secretary if his decision is supported by substantial evidence."  *Hays*, 907 F.2d at 1456 (citations omitted); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) ("[T]he language of § [405(g)] precludes a *de novo* judicial proceeding and requires that the court uphold the Secretary's decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'").  The ALJ, not the Court, has the responsibility to make findings of fact and resolve evidentiary conflicts.  *Hays*, 907 F.2d at 1456 (citations omitted).  If the ALJ's factual finding, however, "was reached by means of an improper standard or misapplication of the law," then that finding is not binding on the Court.  *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

The Commissioner shall find a person legally disabled under Title XVI if she is unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  20 C.F.R. § 416.905(a) (2012).  The Code of

Federal Regulations outlines a five-step process ("Five-Step Analysis") that the Commissioner must follow to determine if a claimant meets this definition:

1) Determine whether the plaintiff is "doing substantial gainful activity." 20 C.F.R. § 416.920(a)(4)(i)(2012). If he is doing such activity, he is not disabled. If he is not doing such activity, proceed to step two.

2) Determine whether the plaintiff has a "severe medically determinable physical or mental impairment that meets the duration requirement in § [416.909] or a combination of impairments that is severe and meets the duration requirement." 20 C.F.R. § 416.920(a)(4)(ii) (2012). If he does not have such impairment or combination of impairments, he is not disabled. If he does meet these requirements, proceed to step three.

3) Determine whether the plaintiff has an impairment that "meets or equals one of [the C.F.R.'s] listings in appendix 1 of this subpart and meets the duration requirement." 20 C.F.R. § 416.920(a)(4)(iii) (2012). If he does have such impairment, he is disabled. If he does not, proceed to step four.

4) Determine whether the plaintiff retains the "residual functional capacity" ("RFC") to perform "past relevant work." 20 C.F.R. § 416.920(a)(4)(iv) (2012). If he can perform such work, he is not disabled. If he cannot, proceed to step five.

5) Determine whether the plaintiff can perform other work, considering his RFC, age, education, and work experience. 20 C.F.R. § 416.920(a)(4)(v) (2012). If he can perform other work, he is not disabled. If he cannot, he is disabled.

Plaintiff has the burden to prove that she is disabled at steps one through four, and Commissioner has the burden to prove that Plaintiff is not disabled at step five. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).

The RFC is an assessment that represents the most a claimant can still do despite any physical and mental limitations on a "regular and continuing basis." 20 C.F.R. § 416.945(b)-(c). In making this assessment, the ALJ "must consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (citing *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)); *see also* 20 C.F.R. § 416.945(a). The ALJ

must present a "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)," and must then "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *See Thomas*, 916 F.3d at 311; SSR 96-8p, 1996 WL 374184 at *7 (S.S.A. July 2, 1996). "Once the ALJ has completed the function-by-function analysis, the ALJ can make a finding as to the claimant's RFC." *Thomas*, 916 F.3d at 311. "Ultimately, it is the duty of the [ALJ] reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts of evidence." *Hays*, 907 F.2d at 1456 (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)). "[R]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (citing *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)).

### III.   Analysis

The ALJ evaluated Plaintiff's claim using the Five–Step Analysis. R. 23–30. At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since February 27, 2018. R. 23. At step two, under 20 C.F.R. § 416.920(c), the ALJ determined that Plaintiff had the following severe impairments: generalized anxiety disorder, personality disorder, and attention-deficit disorder (ADHD). R. 23. The ALJ stated that the listed impairments were severe because they "significantly limit [Plaintiff's] ability to perform basic work activities." R. 23. At step three, the ALJ determined Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926)." R. 24.

Before turning to step four, the ALJ determined that Plaintiff had the RFC to perform a full range of work at all exertional levels, as defined in 20 C.F.R. § 416.967, but with the following limitations:

> [Plaintiff] can maintain concentration and attention to carry out simple, routine & repetitive tasks in two-hour increments in order to complete an eight-hour workday, in a stable work environment, which is defined as having few workplace changes and work is not performed at a production pace (i.e., assembly line).

R. 25. At step four, the ALJ determined that Plaintiff has no past relevant work. R. 29. At step five, with the benefit of a Vocational Expert ("VE"), the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including: laundry aide, cleaner, and addresser. R. 29–30. The ALJ found that "Plaintiff has not been under a disability, as defined in the SSA, from February 27, 2018." R. 30.

On appeal, Plaintiff argues that the Court should reverse the final decision of the ALJ, or in the alternative, remand the case to the Commissioner for further proceedings, alleging that Defendant's final decision is not supported by substantial evidence. Pl.'s Mem. in Supp. of Pl.'s Mot. 3–5, ECF No. 13–1. Plaintiff avers that the ALJ's RFC determination is not supported by substantial evidence. *Id.* at 8. Plaintiff asserts that the ALJ failed to include a narrative discussion and explain how she determined that Plaintiff's moderate limitations in concentration, persistence, or pace, could be accommodated by limiting Plaintiff to work that is not performed at a "production pace." *Id.* at 10–12. This Court agrees.

Generally, the Court will affirm the Social Security Administration's disability determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence. *Woods v. Berryhill*, 888 F.3d 686, 691 (4th Cir. 2018) (citing *Mascio*, 780 F.3d at 634). But when performing an RFC assessment, the ALJ must provide a narrative discussion with the RFC assessment describing how the evidence supports each

conclusion, citing specific medical facts and nonmedical evidence. SSR 96-8p, 1996 WL 374184, at *7 (S.S.A). "In other words, the ALJ must *both* identify evidence that supports his conclusion *and* 'build an accurate logical bridge from [that] evidence to his conclusion.'" *Woods*, 888 F.3d at 694 (emphasis in original).

A proper RFC analysis has three components: (1) evidence; (2) logical explanation; and (3) conclusion. *Thomas*, 916 F.3d at 311. The ALJ's logical explanation is just as important as the other two. *Id*. Without a proper narrative discussion from the ALJ, it is impossible for the Court to determine whether the decision was based on substantial evidence. *Geblaoui v. Berryhill*, No. CBD-17-1229, 2018 WL 3049223, at *3 (D. Md. June 20, 2018) (citing *Jones v. Astrue*, No. SKG-09-1683, 2011 WL 5833638, at *14 (D. Md. Nov. 18, 2011)).

When determining that Plaintiff suffered from a moderate limitation in concentration, persisting, or maintaining pace, the ALJ explained:

> During a psychological evaluation in December 2017, [Plaintiff] exhibited an ability to sustain attention and concentration in the extremely low range, as measured by the Working Memory Index (internal citations omitted). [Plaintiff] testified that if something is important, she forces herself to pay attention, but that if she is left alone for a short period, she will lose focus. [Plaintiff] demonstrated difficulty making decisions without an excessive amount of advice and reassurance from others (internal citations omitted). Finally, [Plaintiff] testified that she is able to perform her work duties without direction. Thus, [Plaintiff] is moderately limited in her ability to concentrate, persist, or maintain pace.

R. 25. The ALJ found that Plaintiff could perform work at all exertional levels with the following limitations:

> [Plaintiff] can maintain concentration and attention to carry out simple, routine & repetitive tasks in two-hour increments in order to complete an eight-hour workday, in a stable work environment, which is defined as having few workplace changes and work is not performed at a production pace (i.e., assembly line).

R. 25. Throughout the ALJ's narrative discussion, the ALJ considered Plaintiff's complaints, Plaintiff's testimony, psychological evaluations and opinions, mental health treatment records,

medical opinion evidence, and inconsistencies in the record. R. 26–29. The ALJ generally discussed Plaintiff's limitations and determined whether they were supported by the evidence. For instance, when discussing Dr. Simonson's psychological evaluation findings, the ALJ concluded that "[Plaintiff's] history of generalized anxiety disorder, personality disorder, and ADHD, as documented in the record, supports the non-exertional limitations detailed in the RFC." R. 27. After discussing Plaintiff's mental health treatment, the ALJ stated, "[t]aken together, the record suggests [Plaintiff's] impairments impose some limitations, but the degree of limitation that is consistent with the record has been accounted for by the restrictions noted in the residual functional capacity above." R. 27.

The ALJ also considered two psychological medical consultants who opined that "[Plaintiff] could understand, retain, and follow simple job instructions, perform simple, routine, repetitive tasks in a stable environment, make simple decisions, maintain regular attendance, and carry out very short and simple instructions." R. 27. The ALJ found that the opinions were persuasive because they were supported by the evidence that showed:

> [Plaintiff] had no hospitalizations due to mental impairments, no psychotropic medication, and no psychotherapy, and that [Plaintiff] was able to perform her activities of daily living . . . [Plaintiff] demonstrated appropriate mood and affect, normal memory, and an ability to maintain appropriate eye contact.

R. 27. The ALJ also explained why he did not find Ms. Rhodes' medical opinion persuasive and stated that "it is not consistent with other evidence in the record which shows that [Plaintiff] demonstrated normal mood and affect and normal insight and judgment (internal citations omitted)." R. 28. The ALJ concluded his RFC narrative by stating:

> Based on the foregoing, the undersigned finds that, due to [Plaintiff's] generalized anxiety disorder, personality disorder, and ADHD, [Plaintiff] is limited to performing work that only requires her to maintain concentration and attention to perform simple, routine, and repetitive tasks in two-hour increments. Additionally, due to these limitations, [Plaintiff] is

limited to a stable work environment, with few workplace changes and work that is not performed at a production pace.

R. 29.

While the ALJ considered the evidence, discussed Plaintiff's complaints and limitations, and pointed out inconsistencies in the record, the ALJ at no point, explained how she concluded that Plaintiff's limitations would be accommodated by the limitation "work is not performed at a production pace." In fact, the ALJ's narrative is absent of any mention of the limitation "work that is not performed at a production pace," except when providing her concluding paragraph of her findings. The ALJ never explained which evidence supported her conclusion that Plaintiff could work at a "production pace," and as mentioned previously, each limitation in Plaintiff's RFC requires an explanation of what evidence the ALJ used, to reach her conclusion. SSR 96-8p, 1996 WL 374184, at *7 (emphasis added). Although throughout her narrative discussion, the ALJ discusses the evidence and alludes to Plaintiff's limitations by stating, "the degree of [Plaintiff's] limitations consistent with the record, [are] accounted for by the restrictions noted in [RFC]," the ALJ failed to mention what those limitations were. R. 27.

Thus, the ALJ failed to provide the logical explanation required to bridge the gap between the evidence and the conclusion. *See Thomas*, 916 F.3d at 311 ("[M]eaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion." The ALJ also failed to build an "accurate and logical bridge," from the evidence to the conclusion. *See Woods*, 888 F.3d at 694 (holding that ALJ failed to build an accurate and logical bridge from the ALJ's evidence to his conclusion because the "ALJ never explained how he concluded – based on [the] evidence – that [claimant] could actually perform the tasks required by [the claimant's RFC]."). Without a proper narrative discussion, the Court is left to speculative whether the ALJ's conclusions are supported by substantial evidence.

Defendant contends that the ALJ "fully and properly considered the record when evaluating [Plaintiff's] RFC." Def.'s Mem. in Supp. of Def.'s Mot. 5. Defendant argues that the "evidence supporting the ALJ's decision far exceeds the 'more-than-a-mere-scintilla threshold,' to survive this Court's deferential review." *Id.* Defendant claims that Plaintiff failed to establish a legal basis for her claim and asks this Court to impermissibly reweigh the evidence. *Id.* Defendant also argues that "Plaintiff erroneously asserts that the ALJ failed to properly articulate the basis of her RFC finding (internal citations omitted)," and the ALJ discussed the evidence and medical opinion evidence in the record. *Id.* at 8. Defendant avers throughout his argument that the ALJ accommodated Plaintiff's limitations in concentrating, persistence or pace, by finding Plaintiff limited to "simple, routine, and repetitive tasks in two-hour increments, in a stable work environment (described as having few workplace changes and no assembly line work)." *Id.* at 11. The Court finds Defendant's arguments without merit.

While the narrative discussion may support Plaintiff being limited to "simple, routine & repetitive tasks," no evidence supports the ALJ's limitation of work that is not performed at a "production pace." As stated above, every limitation in Plaintiff's RFC must accompany an explanation of how the ALJ reached her conclusion. SSR 96-8p, 1996 WL 374184, at *7 (emphasis added). Even if the ALJ considered the evidence in the record, the ALJ failed to bridge the gap between the evidence and the limitation "work not performed at a production pace." With no explanation of how the ALJ concluded this limitation, the Court cannot ascertain whether Plaintiff's RFC is based on substantial evidence.

Accordingly, the ALJ's failure to provide an "accurate and logical bridge," from the evidence to the conclusion, requires remand. On remand, the ALJ is instructed to "build an accurate and logical bridge," from his discussion of the record to the limitations in the RFC.

**IV. Conclusion**

Based on the foregoing, the Court hereby **DENIES** Plaintiff's Motion, **DENIES** Commissioner's Motion, **GRANTS** Plaintiff's Alternative Motion and **REMANDS** this matter for further proceedings.

March 17, 2022 /s/
Charles B. Day
United States Magistrate Judge

CBD/pjkm